IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS BLAND,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **PATRICK LEWIS et al.,** | : | No. 14-1892 |
| *Defendants*. | : | |

MEMORANDUM

PRATTER, J.                                                                                       JULY 12, 2016

## I. INTRODUCTION

Dennis Bland, a pre-trial detainee during the relevant time period, sues Correctional Officers Patrick Lewis and Shiray Saleem (collectively "Correctional Officers") under 42 U.S.C. § 1983. Mr. Bland alleges that his constitutional right to due process was violated when the Correctional Officers failed to protect him, or to timely intervene, when he was attacked by two inmates at the facility where he was held. The Correctional Officers move for summary judgment, arguing that Mr. Bland has not presented sufficient evidence to show that the officers were aware of a risk to Mr. Bland's safety.[1] Mr. Bland opposes the Motion.

The Court will deny the Motion because the Correctional Officers have failed to meet their burden under Federal Rule of Civil Procedure 56 to identify the portions of the record that

---

[1] The Motion for Summary Judgment was originally filed only by Correctional Officer Saleem. Immediately prior to the oral argument on the Motion for Summary Judgment, the Correctional Officers filed a Motion to Amend the Motion for Summary Judgment, seeking to add Correctional Officer Lewis. Mr. Bland did not object to Correctional Officer Lewis joining the Motion for Summary Judgment, but requested an opportunity to file a supplemental response in order to address any issues specific to the claim against Correctional Officer Lewis. The Court granted that request. Mr. Bland filed a supplemental response to the Correctional Officers' Motion for Summary Judgment. Thereafter, the Correctional Officers filed a supplemental brief of their own, which essentially equates to a reply brief. Consequently, the Court will grant the Correctional Officers' Motion to Amend the Motion for Summary Judgment and will consider the Motion for Summary Judgment as filed by both officers.

1

demonstrate the absence of a genuine dispute of material fact and their entitlement to judgment as a matter of law.

## II. FACTUAL BACKGROUND

Mr. Bland was a pre-trial detainee at the Philadelphia Industrial Corrections Center ("Corrections Center") where he had been incarcerated awaiting trial for 46 months. He was housed on a cell block with approximately 100 other inmates. On the evening of May 12, 2012, the majority of those inmates, including Mr. Bland, were participating in recreation time in an area known as the dayroom. The dayroom is an open area within the Corrections Center where all inmates are supposed to stay in view of the correctional officers at all times. On the evening in question, the defendant Correctional Officers were the only officers supervising the dayroom.

Around 10:00 p.m., three inmates began arguing. Mr. Bland was not involved in the argument. Correctional Officer Lewis instructed the three inmates to stop arguing. He did not remove them from the dayroom. The officers at the Corrections Center have the authority to remove an inmate from the dayroom if the inmate is causing a disruption, arguing, or not listening to orders.

Roughly half an hour later, two of the inmates who had been involved in the argument attacked Mr. Bland from behind. The inmates repeatedly stabbed Mr. Bland with multiple weapons. Mr. Bland attempted to run away but could not escape until Correctional Officer Lewis pried him free from the attacking inmates. By the time Correctional Officer Lewis intervened, Mr. Bland had been stabbed five times and had suffered a broken rib. Within one or two minutes after the attack, a response team had arrived to care for Mr. Bland. He was then taken to a hospital where he was treated for his various wounds.

At his deposition, Mr. Bland testified that he had never had any issues with either of the attackers prior to the attack and that their prior interactions had been cordial. He did not particularly fear either of the assailants prior to the incident.

## III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id*.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It is not enough, however, "to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Id.* at 328 (White, J., concurring). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Under Rule 56, the Court must view the evidence presented in the motion in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 255.

**IV.    DISCUSSION**

In this case, Mr. Bland posits two theories for establishing the Correctional Officers' liability.  First, he claims that the Correctional Officers violated his constitutional rights by failing to protect him from the attack carried out by the two other inmates.  Second, Mr. Bland claims that the Correctional Officers violated his constitutional rights by failing to timely and reasonably intervene once the attack had begun.

Generally, prison officials have a duty to take reasonable measures to protect prisoners from violent attacks from other inmates.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability."  *Id.* at 834.  In order to state a claim against a prison official for failure to protect from inmate violence, an inmate or pretrial detainee[2] must show "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."  *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).

Deliberate indifference is a subjective standard requiring the plaintiff to show that the prison official actually was aware of an excessive risk to inmate safety.  *Id.*  A plaintiff may prove this awareness "in the usual ways, including inference from circumstantial evidence."  *Id.* (quoting *Farmer*, 511 U.S. at 842).  For example, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  *Farmer*, 511 U.S. at 842.

---

[2]  Mr. Bland's claims fall under the Fourteenth Amendment, rather than the Eighth Amendment, because he was a pretrial detainee and not a convicted prisoner at the time of the attack.  The Third Circuit Court of Appeals, however, applies the same standard to a failure-to-protect claim made under the Fourteenth Amendment as a claim made under the Eighth Amendment.  *Thomas v. Cumberland Cty.*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).

The Correctional Officers' bare-bones motion here asserts one, logically-flawed argument. The Correctional Officers argue that Mr. Bland has failed to establish that the Correctional Officers had actual knowledge of any risk of harm because Mr. Bland failed to directly communicate any specific threats of harm made against him.[3] Based on an erroneous reading of *Jones v. Beard*, 145 F. App'x. 743 (3d Cir. 2005), the Correctional Officers argue that the Third Circuit Court of Appeals requires an inmate to voice specific threats of serious harm in order to prove a failure-to-protect claim. In *Jones*, however, the court merely held that the plaintiff's oral complaints to various prison guards leading up to his assault, in and of themselves, did not establish actual knowledge in that case because there was no evidence that the plaintiff had "articulated specific threats of serious harm, or that he made multiple complaints about [his assailant] to any one guard." *Id*. at 745. The court did not foreclose other avenues of establishing actual knowledge under the deliberate indifference analysis. Indeed, as *Farmer* and

---

[3] The Correctional Officers asserted two additional arguments in their supplemental brief: (1) that the initial verbal altercation between the three other inmates was too attenuated from the eventual attack on Mr. Bland to reasonably put the Correctional Officers on notice of a substantial risk to Mr. Bland's health or safety; and (2) that Mr. Bland has not adduced sufficient evidence to support his claim that the Correctional Officers failed to timely intervene. Because these arguments were raised in the Correctional Officers' supplemental brief and Mr. Bland did not have a proper opportunity to respond to these newly-asserted bases for summary judgment, the Court will not address the merits of these arguments and will not grant summary judgment on these grounds. *See Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (nonprecedential) (stating, "[t]here is cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief, particularly if the District Court intends to rely upon that new information in granting summary judgment to the movant"); *Tri-Realty Co. v. Ursinus Coll.*, 124 F. Supp. 3d 418, 454 n.36 (E.D. Pa. 2015) (declining to grant summary judgment on grounds raised for the first time in the defendant's reply brief). By declining to address these arguments at this stage, the Court is not suggesting, much less ruling, that the Correctional Officers will be precluded from pursuing these arguments or theories at trial.

*Bistrian* explicitly state, a plaintiff may prove a prison official's knowledge of a substantial risk of serious harm "in the usual ways, including inference from circumstantial evidence."[4]

After characterizing *Jones* as a requirement in this Circuit that the plaintiff prove that he specifically voiced threats against him to a prison official, the Correctional Officers point to Mr. Bland's deposition testimony in which he stated that he had never had an altercation with the two assailants prior to this incident and that he did not fear an attack from them. The Correctional Officers then argue that Mr. Bland could not have voiced any specific threats to the Correctional Officers because Mr. Bland himself was unaware of any threats or risk of harm. Consequently, the Correctional Officers assert that they could not have had actual knowledge of any potential risk to Mr. Bland's wellbeing, and thus, Mr. Bland's claim necessarily fails.[5]

In response, Mr. Bland correctly argues that the caselaw makes clear that a prisoner may prove a prison official's actual knowledge in ways other than a showing that the prisoner specifically told the prison official about threats made against the prisoner. *See Farmer*, 511 U.S. at 842; *Bistrian*, 696 F.3d at 367. Consequently, Mr. Bland argues that the Correctional Officers' Motion must be denied. The Court agrees.

---

[4] Common sense also weighs against the argument that a prisoner's failure-to-protect claim necessarily depends on that prisoner voicing specific threats against him to the prison officials. Indeed, there are numerous hypothetical situations in which a prisoner might not be aware of any danger or risk, whereas a prison official would be. For example, imagine a scenario in which a prison official overhears two inmates planning to attack another inmate, sees that those two inmates have procured a weapon of some kind, and decides to do nothing. If the potential victim is eventually attacked, the prison official would be hard pressed to claim that he was not deliberately indifferent towards the safety of the victim simply because the victim himself was unaware of the risk to his own safety.

[5] To the extent that the Correctional Officers' Motion may also be construed as arguing that they are entitled to summary judgment because Mr. Bland has not presented evidence that the Correctional Officers were aware that Mr. Bland specifically was at risk of harm, such an argument fails. *See Farmer*, 511 U.S. at 843 (stating that it does not matter "whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk").

Based on the limited argument asserted in their Motion, the Correctional Officers have failed to meet their burden under *Celotex* of "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." The portions of the record identified by the Correctional Officers only establish that they were not made subjectively aware of any risk to Mr. Bland through notification by Mr. Bland himself. The argument that this fact alone entitles the Correctional Officers to summary judgment is flawed, based on both the caselaw and common sense. Consequently, the Court will deny the Correctional Officers' Motion for Summary Judgment.

### V. CONCLUSION

For the foregoing reasons, the Court will deny Correctional Officers' Motion for Summary Judgment. An appropriate Order follows.

BY THE COURT:

    s/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE